UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
CHOYCE A. HARDIN,

                Plaintiff,

        -against-

SUFFOLK COUNTY, JOHN DOE OFFICERS,

                Defendants.
-------------------------------------------------------------------X

FILED
CLERK
7/31/2025 1:02 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**MEMORANDUM & ORDER**
25-CV-2820 (GRB)(ARL)

**GARY R. BROWN, United States District Judge:**

      By Order dated June 25, 2025, the Court denied the application filed by Choyce Hardin ("Plaintiff"), acting *pro se*, to proceed *in forma pauperis* ("IFP") without prejudice and with leave to renew. (*See* Docket Entry ("DE") 7.) Plaintiff timely filed the renewed application on July 7, 2025. (*See* DE 8.) Upon review, the Court finds that Plaintiff's financial position as reported on the renewed application qualifies him to commence this action without prepayment of the filing fee. Accordingly, the renewed IFP application is granted and the Court orders service of the summonses and complaint upon the defendants other than Suffolk County by the United States Marshal Service in accordance with 28 U.S.C. § 1915(d).

      However, given that the identities of these defendants are unknown to Plaintiff at this time, the Court requests, pursuant to *Valentin v. Dinkins*, 121 F.3d 72, 75-76 (2d Cir. 1997) (*per curiam*), that the Suffolk County Attorney ascertain the full names and service addresses of the individuals involved in the events alleged in the complaint. (*See* DE 1.) Accordingly, the Clerk of the Court shall serve a copy of the complaint together with this order on the Suffolk County Attorney, and the Suffolk County Attorney's Office is requested to attempt to ascertain the full names of the unidentified defendants and to provide their names and the address(es) where such defendants can be served to the Court and to Plaintiff within thirty (30) days of the date that this Order is served

upon it.

The Suffolk County Attorney need not undertake to defend or indemnify these individuals at this juncture. This Order merely provides a means by which the Plaintiff may name and properly serve these defendants as instructed by the Second Circuit in *Valentin*. Once the information is provided to the Court by the Suffolk County Attorney's Office, Plaintiff's complaint shall be deemed amended to reflect the full names of these defendants, a summons shall be issued to each defendant, and the USMS shall effect service.

With regard to Plaintiff's claims against Suffolk County, upon screening pursuant to 28 U.S.C. § 1915(e), the Court finds that such claims are not plausible in the absence of any allegations that the challenged conduct was undertaken pursuant to a municipal policy, practice or custom. Municipal governments, like Suffolk County, may be held liable under Section 1983 "only for unconstitutional or illegal policies, not for the illegal conduct of their employees." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L.Ed.2d 611 (1978). Thus, Suffolk County could only face liability if Plaintiff alleged a pattern or practice of such conduct. To state a claim against a municipality under Section 1983, "the plaintiff is required to show that the challenged acts were performed pursuant to a municipal policy or custom." (*Id*.) (internal quotation marks and citation omitted). Here, as is readily apparent, Plaintiff's sparse complaint is devoid of any such allegations. Plaintiff has not pled that his detention and the allegedly unconstitutional conditions of his confinement including the involuntary DNA collection on a single date were the result of a policy or practice of Suffolk County. *See Haskins v. SCCF*, No. 25-CV-1536(GRB)(AYS), 2025 WL 1434271, at *3 (E.D.N.Y. May 19, 2025) (citing *Parker v. Suffolk County Police Dept*., No. 22-CV-3969(GRB)(AYS), 2023 WL 5047784, at *6 (E.D.N.Y. Aug. 7, 2023) (citing J*oyner-El v. Giammarella*, No. 09-CV-2731 (NRB), 2010 WL 1685957, at

\*7-8 (S.D.N.Y. Apr. 15, 2010)) (dismissing any *Monell* claim because the plaintiff had "pointed to no policy or custom on the part of New York City that might plausibly have caused any of his alleged constitutional injuries"); *Overhoff v. Ginsburg Dev., L.L.C.*, 143 F. Supp. 2d 379, 389 (S.D.N.Y. 2001) (dismissing Section 1983 complaint against municipality due to plaintiff's failure to "allege that her constitutional rights were violated pursuant to any municipal policy or custom")).  Given the absence of allegations suggesting that the alleged deprivation of Plaintiff's constitutional rights was pursuant to some municipal policy, practice, or custom, Plaintiff's claims are not plausible and are thus dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).  The Clerk of Court is respectfully directed to serve a copy of this order to Plaintiff at his address of record and note service on the docket.  In addition, the Clerk of the Court shall serve a copy of the complaint together with this order on the Suffolk County Attorney, and the Suffolk County Attorney's Office is requested to attempt to ascertain the full names of the unidentified defendants and to provide their names and the address(es) where such defendants can be served to the Court and to Plaintiff within thirty (30) days of the date that this Order is served upon it.

**SO ORDERED**.

/s/ Gary R. Brown

Dated:   July 31, 2025
        Central Islip, New York

**GARY R. BROWN**
**United States District Judge**

3