UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CHOYCE A. HARDIN,

                        Plaintiff,

                                                                      **MEMORANDUM & ORDER**
            -against-                                          25-CV-2820 (GRB)(ARL)

SUFFOLK COUNTY, DETECTIVE LT. ANTHONY
CALANDRILLO, DETECTIVE BERRY, JOHN DOE
OFFICERS,

                        Defendants.
------------------------------------------------------------------X

**GARY R. BROWN, United States District Judge:**

      On September 4, 2025, Choyce Hardin ("Plaintiff"), acting *pro se*, filed an Amended Complaint naming Suffolk County, Detective Lt. Anthony Calandrillo, Detective Berry, and unidentified Suffolk County "John Doe" police officers (collectively, "Defendants"). (*See* Docket Entry ("DE") 11.) Having already granted Plaintiff IFP status, (*see* Mem. & Order, DE 9), the Court orders service of the summonses and amended complaint upon the defendants by the United States Marshal Service in accordance with 28 U.S.C. § 1915(d).

      However, given that the identities of the "John Doe" defendants are unknown to Plaintiff at this time, the Court requests, pursuant to *Valentin v. Dinkins*, 121 F.3d 72, 75-76 (2d Cir. 1997) (*per curiam*), that the Suffolk County Attorney ascertain the full names and service addresses of the individuals involved in the events alleged in the amended complaint. (*See* DE 11.) To be clear and for the avoidance of any doubt, the Suffolk County Attorney shall provide the identity and contact information for any individual(s) involved in Plaintiff's challenged arrest, regardless of the date. Accordingly, the Clerk of the Court shall serve a copy of the amended complaint together with this order on the Suffolk County Attorney, and the Suffolk County Attorney's Office is requested to attempt to ascertain the full names of the unidentified defendants and to provide their

names and the address(es) where such defendants can be served to the Court and to Plaintiff within thirty (30) days of the date that this Order is served upon it.

The Suffolk County Attorney need not undertake to defend or indemnify these individuals at this juncture. This Order merely provides a means by which the Plaintiff may name and properly serve these defendants as instructed by the Second Circuit in *Valentin*. Once the information is provided to the Court by the Suffolk County Attorney's Office, Plaintiff's amended complaint shall be deemed amended to reflect the full names of these defendants, a summons shall be issued to each defendant, and the USMS shall effect service.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). Although Plaintiff has consented to receive electronic notifications in this case (*see* DE 3), the Clerk of Court is respectfully directed to also serve a copy of this Order to Plaintiff at his address of record and to note service on the docket. In addition, the Clerk of the Court shall serve a copy of the amended complaint together with this order on the Suffolk County Attorney, and the Suffolk County Attorney's Office is requested to attempt to ascertain the full names of the unidentified defendants and to provide their names and the address(es) where such defendants can be served to the Court and to Plaintiff within thirty (30) days of the date that this Order is served upon it.

**SO ORDERED**.

/s/ Gary R. Brown

Dated: September 22, 2025  
Central Islip, New York

**GARY R. BROWN**  
**United States District Judge**

2